FILED
98 AUG 20 PM 3: 25
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
AUG 2 0 1998

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FRANCIS N. JOHNSON, | } |
| Plaintiff | } |
| vs. | } CIVIL ACTION NO. |
| | } CV-97-AR-1309-S |
| U.S. VISION d/b/a/ U.S.V. OPTICAL, INC., | } |
| Defendant | } |

## MEMORANDUM OPINION

Presently before the court is the motion for summary judgment of defendant, U.S. Vision d/b/a U.S.V. Optical, Inc. ("US Optical"). Plaintiff, Frances N. Johnson ("Johnson"), sues US Optical for race discrimination pursuant to 42 U.S.C. § 2000e and 42 U.S.C. § 1981. The court finds summary judgment appropriate.

### I. SUMMARY JUDGMENT STANDARD

Under the Federal Rules of Civil Procedure, summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." F.R.Civ.P. 56(c).

### II. FACTS

US Vision is an optical manufacturing and retail establishment. Johnson, who is black, began working for US

Vision in March 1995, at the Birmingham Century Plaza location, where she was an "Op-Tech" (e.g., she sold glasses and contacts). A little over one year later, in April 1996, US Vision promoted Johnson to the position of store manager at its Montgomery location. Several months later US Vision offered Johnson a position as a store manager at its Galleria location. Johnson accepted the offer and began working at the Galleria location on June 25, 1996. Less than three weeks later Johnson went on maternity leave. (Johnson Dep. at pg. 78.) Johnson returned to work on September 3, 1996, but was bumped backed to an Op-Tech position around September 12. (Johnson Dep. at pg. 100.) Although Johnson suffered a $1.00 per hour loss in pay because of the demotion, she still earned $1.00 more per hour than she had when she originally worked as an Op-Tech. (Johnson Dep. at pp. 126 - 127) In addition, US Vision promised Johnson that she would receive the next available store manager position. (Johnson Dep. at 133.) However, Johnson resigned several weeks after she was bumped. Johnson admits that she never heard any racially derogatory comments while she worked at US Vision and that she had no reason not to believe, up until she was bumped, that US Vision was an equal opportunity employer. (Johnson Dep. at pp. 107 - 9).

Rita Buchanan ("Buchanan"), who is white, replaced Johnson

in the store manager position. Buchanan began working for US Vision in 1992 as a store manager, after working for Pearle Vision Center for three years. (Buchanan Dep. at pp. 9, 15.) Buchanan worked at several locations before transferring to the Galleria location and getting a promotion to district manager in 1996. (Buchanan Dep. at pp. 15 - 19) A district manager supervises approximately ten to seventeen stores. (Prater Dep. at 7.) Although Buchanan had performed well as a store manager, she failed to perform adequately in the district manager position. (Prater Dep. at pp. 57 - 58.) Rather than to terminate Buchanan, US Vision decided to and did demote her. (Prater Dep. at pp. 57, 59 - 60.)

### III. ANALYSIS

US Vision proffers a combination of "legitimate non-discriminatory" reasons for placing Buchanan at the Galleria store, thereby bumping Johnson from the store manager position. First, the Galleria store had enjoyed its greatest success during Buchanan's tenure as store manager. (Prater Dep. at p. 58.) Second, US Vision did not want to terminate an employee who had performed well as a store manger. (Prater Dep. at pp. 59 - 60.) Finally, of the three Birmingham area stores managers, Johnson had the least experience as a manager. (Prater Dep. at 58.)

3

Johnson produces the following as evidence of pre-text: 1) Buchanan's "incompetence" as a <u>district manager</u>, 2) Johnson's satisfactory job performance, and 3) US Vision's decision to bump one of the only three black store managers. None of this "evidence" supports a finding that US Vision's reasons for its arguably adverse-to-plaintiff decisions were pretextual.

First, Buchanan's alleged "incompetence" as a <u>district</u> manager does not subtract from the undisputed evidence that she performed well as a <u>store</u> manager. Second, Johnson cannot honestly compare her job performance during four weeks as a manager and one year as an Op-Tech to Buchanan's four years as a successful store manager.

Finally, there is no evidence that US Vision singled out its only three black store managers when it was deciding where it would place Buchanan. Instead, US Vision considered only its three Birmingham area locations during this time. While it is true that these three locations are the only Alabama stores with black supervisors and the decision maker did not investigate whether there were open store manager positions at other locations, US Vision was of the opinion that Buchanan was not "relocatable." (Prater Dep. at 80.) The decision maker believed, given the store manager pay scale, it to be unrealistic to expect an employee to relocate for a store manager position.

4

(Prater Dep. at 81.)  Therefore, the decision maker never asked Buchanan if she would consider accepting a store manager position outside the Birmingham area.  *Id.*  While this oversight may seem unfair to Johnson, such an oversight is not enough to support a finding of race discrimination.  Accordingly, the defendant is entitled to summary judgment.

A separate appropriate order will be entered.

DONE this 20th day of August, 1998.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE